UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY W. MOORE | CIVIL ACTION |
| VERSUS | NO. 17-4454 |
| BP EXPLORATION & PRODUCTION INC., *et al.* | SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion by plaintiff Anthony W. Moore to deem admissible the opinions of his purported general causation expert, Dr. Jerald Cook, because of the defendants' alleged spoliation of evidence related to the oil-spill clean-up workers' exposure to oil and other chemicals.[1] Defendants BP Exploration & Production Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Holdings LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc. (collectively, "Defendants") respond in opposition.[2]

Moore's spoliation motion is nearly identical to the one filed by the plaintiff and denied by this Court in *Fairley v. BP Exploration & Production Inc.*, No. 17-3988, R. Doc. 89 (E.D. La. Nov. 3, 2022). Accordingly, for the reasons stated in the Orders & Reasons issued in *Fairley,*

IT IS ORDERED that Moore's spoliation motion (R. Doc. 60) is DENIED.

---

[1] R. Doc. 60.
[2] R. Doc. 64.

Also before the Court is Defendants' *Daubert* motion *in limine* to exclude the general causation opinions of plaintiff's medical expert Cook[3] and Defendants' motion for summary judgment arguing that the case should be dismissed because Moore cannot prove general causation without Cook's opinions.[4]  Moore responds in opposition to both motions,[5] and Defendants reply in further support of their motions.[6]

Defendants' motions here are nearly identical to those filed by Defendants, and granted by this Court, in other B3 cases.[7]  *See, e.g., Brister v. BP Expl. & Prod. Inc.*, 2022 WL 3586760 (E.D. La. Aug 22, 2022); *Burns v. BP Expl. & Prod. Inc.*, 2022 WL 2952993 (E.D. La. July 25, 2022); *Carpenter v. BP Expl. & Prod. Inc.*, 2022 WL 2757416 (E.D. La. July 14, 2022); *Johns v. BP Expl. & Prod. Inc.*, 2022 WL 1811088 (E.D. La. June 2, 2022).

Accordingly, for the reasons stated in the Orders & Reasons issued in those cases,

IT IS ORDERED that Defendants' *Daubert* motion to exclude Cook (R. Doc. 52) is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (R. Doc. 53) is GRANTED, and Moore's claims against them are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 3rd day of November, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[3] R. Doc. 52.
[4] R. Doc. 53.
[5] R. Docs. 56; 57.
[6] R. Docs. 66; 68.
[7] The March 14, 2022 version of Cook's report was used in this case.  R. Doc. 52-4.  The Court has reviewed all versions of Cook's report and concludes that none of the later versions cures the previously identified deficiencies in his prior reports; specifically, none of Cook's reports provides admissible general causation opinions.